UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWN CROWLEY | CIVIL ACTION |
| VERSUS | 17-8189 |
| LMS INTELLIBOUND, LLC | SECTION: "J" (2) |

## ORDER & REASONS

Before the Court are a *Motion to Enforce Settlement* **(Rec. Doc. 16)** filed by Defendant LMS Intellibound, LLC, an opposition thereto (Rec. Doc. 17) by Plaintiff Shawn Crowley, and a reply (Rec. Doc. 21) by Defendant. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This action arose from injuries sustained by Plaintiff when his leg was run over by a forklift driven by an employee of Defendant on or about June 18, 2017. Plaintiff filed suit on August 24, 2017, and served Defendant on September 8, 2017, but Defendant never appeared. Plaintiff obtained an entry of default on January 5, 2018, and moved for default judgment. The Court held a hearing on Plaintiff's motion for default judgment on February 16, 2018, and granted the motion on April 25, 2018. On December 4, 2018, Plaintiff filed a "Satisfaction of Judgment," which stated: "Plaintiff acknowledges that the payment received from Defendant as reflected in the Release Agreement executed between the parties satisfies the judgment rendered on

April 27, 2018 in full and desires to release this judgment and acknowledge its full and complete satisfaction."[1] The Release Agreement was not filed in the record at that time.

Defendant now seeks to enforce the Release Agreement and force Plaintiff to indemnify it against Plaintiff's employer, Associated Wholesale Grocers, Inc. ("AWG"). Following Plaintiff's injury, AWG paid Plaintiff workers' compensation benefits and paid for his medical expenses. Defendant alleges that AWG has a lien for these payments and that AWG is seeking repayment of the lien from Defendant. However, Defendant contends that Plaintiff agreed in the Release Agreement to release Defendant from all liens and to defend and indemnify it from all claims related to this incident, and therefore asks the Court to order Plaintiff to pay AWG the full amount of the lien.

## **DISCUSSION**

It is not clear that the Court has jurisdiction over the instant matter. While the parties do not challenge it,[2] the Court has an independent obligation to assure itself of its subject matter jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Defendant contends that "[a] federal court that maintains jurisdiction over a settled action possesses the inherent power to enforce agreements entered into in settlement of litigation pending before it," citing, inter alia, *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 381 (1994). In *Kokkonen*, the Supreme Court held that a district

---

[1] (Rec. Doc. 15).
[2] While Plaintiff challenges the Court's jurisdiction under the Louisiana Workers' Compensation Law, the Court does not reach this argument in light of its conclusion herein.

2

court's inherent power to protect is proceedings and vindicate its authority did not extend to the enforcement of a settlement agreement where "the parties' obligation to comply with the terms of the settlement agreement had [not] been made part of the order of dismissal"; the district court had only ordered that the action be dismissed without retaining jurisdiction to enforce the settlement agreement or incorporating the terms of the settlement into the dismissal order. *Id.*

The instant action was not dismissed pursuant to a settlement agreement between the parties. It resulted in a final default judgment against Defendant for $932,145.32,[3] which the parties then settled for $700,000 some seven months later.[4] The Notice of Satisfaction of Judgment likewise did not incorporate the terms of the settlement or otherwise purport to give the Court the authority to enforce the settlement agreement.[5] Defendant fails to explain how this Court "maintains jurisdiction" over this action.

Additionally, construing the motion as a Rule 60(b) motion does not appear to offer Defendant an avenue to the relief it seeks. Rule 60(b) provides that "the court may relieve a party or its legal representative *from a final judgment, order, or proceeding* for" several reasons, including that "the judgment has been satisfied, released, or discharged" or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(5)–(6) (emphasis added). While Plaintiff acknowledged that the Release Agreement satisfied the default judgment in the Notice of Satisfaction of Judgment,

---

[3] (Rec. Doc. 14).
[4] (Rec. Doc. 16-2, at 1).
[5] (Rec. Doc. 15).

Defendant has not asked for relief from the default judgment; rather, Defendant seeks relief for Plaintiff's alleged breach of the Release Agreement. "The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business." *Kokkonen*, 511 U.S. at 381. Thus, Rule 60(b) is inapplicable because Defendant does not seek relief from a final judgment, order, or proceeding; it seeks to assert a new breach of contract claim against Plaintiff.

Entertaining the instant motion would allow Defendant to circumvent several procedural requirements in essentially asserting a counterclaim against Plaintiff, in an action that has been closed for over two years and in which Defendant originally refused to participate. The Court concludes that hearing the motion would be improper and therefore will deny it.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that LMS Intellibound's *Motion to Enforce Settlement* **(Rec. Doc. 16)** is **DENIED**.

New Orleans, Louisiana, this 17th day of June, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE